IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 08-cv-01082-WYD-CBS

JAVES HALL,

    Plaintiff,

v.

M. DUNLAP, Disciplinary Hearing Officer,

    Defendant.

**ORDER**

THIS MATTER comes before the Court in connection with an Order to Show Cause that was issued on September 1, 2009.  That Order noted that an Order Granting Service by United States Marshal was issued on June 10, 2008.  On July 17, 2008, a letter was received from the Federal Bureau of Prisons stating that Defendant Dunlap is no longer employed there and returning the waiver of service unsigned.  The Court file thus reflects no proof of service of process on, responsive pleadings by, or default against Defendant Dunlap, and service has not been made within 120 days since the filing of the Complaint.

Based on the foregoing, the Order to Show Cause directed Plaintiff to show good and sufficient cause in writing within 15 days of the Order why service was not made within the applicable period.  It further stated that in the event no cause is shown, the case shall be dismissed without prejudice without further notice.  On October 2,

2009, I granted a motion for an extension of time filed by Plaintiff and gave Plaintiff to October 16, 2009, to respond to the Order to Show Cause.

On October 20, 2009, after the extended deadline, Plaintiff filed a pleading entitled "Letter motion to respond to the order to Show Cause."  Plaintiff states therein that Plaintiff never received any confirmation from the Bureau of Prisons that Defendant was no longer employed there, and that Defendant's "Attorney advisor c/o Christopher B. Synsvoll" had more than enough time to sign the waiver on behalf of his client. (Letter at 1.)  Further, he argues that the "Attorney advisor was procedurally defaulted by his failure for not informing the plaintiff of this matter regarding his client M. Dunlap", "defendant attorney advisor" was able to raise his challenges to the complaint which was filed against his client but failed to do so when he refused to sign the waiver on his behalf, and that Plaintiff does not have the documentation from the BOP that was filed on July 17, 2008.

Turning to my analysis, Fed. R. Civ. P. 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action against the defendant or order that service be made within a specified time, but if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* (emphasis added).  I find from my review of Plaintiff's letter that he has not shown good and sufficient cause for failure to serve the Defendant within the applicable 120 day time period.

Specifically, while Plaintiff argues that the BOP should have executed a waiver of service, he has not shown that the BOP had any authority to do so on behalf of Defendant who is no longer employed there.  Further, he has not shown that Christopher Synsvoll who is employed with the BOP (designated by Plaintiff as the "attorney advisor") represents Defendant or has any authority to waive service or raise challenges on Defendant's behalf.  Further, although Plaintiff asserts that he did not receive the confirmation from the BOP that Defendant was no longer employed there, Plaintiff was or should have been on notice that the file contained no proof of service.  He also has done nothing since the Order to Show Cause was issued to attempt to effectuate service.  Accordingly, I find that this case must be dismissed pursuant to Rule 4(m).  It is therefore

ORDERED that this case is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m) for failure to effectuate service within the 120 day time period.

Dated:  December 2, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge